■ LEOLA GINYARD, Individually and as Mother and Natural Guardian of SHAWNDELL GINYARD, an Infant, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent. [595 NYS2d 314] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered January 21, 1992, after a jury trial, in favor of defendant, unanimously affirmed, without costs.

The IAS Court properly declined to charge the jury pursuant to the Pattern Jury Instructions regarding a common carrier's duty to a passenger (PJI 2:160 et seq.), since it is clear plaintiff infant was a pedestrian, not a passenger.

The issue concerning the court's charge dealing with proximate cause has not been properly preserved for our review *(McCummings v New York City Tr. Auth.,* 177 AD2d 24, *lv granted* 183 AD2d 1111; *see also,* CPLR 4110-b). In any event, there was no confusion in the court's charge. Under the circumstances, the court properly focused on the duty owed to the individual plaintiff as opposed to the group of students in the roadway. Indeed, plaintiff was in the front of the crowd and was apparently the only one to fall into the street and sustain injury. The court properly applied the elements of proximate cause to the evidence before it. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.